```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CHARLES H. STARKE,                       :
                                         :
                    Plaintiff,           :     22cv4464 (DLC)
                                         :
            -v-                          :     MEMORANDUM OPINION
                                         :         AND ORDER
ROBERT BRIAN KRUPICA,                    :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Charles H. Starke:
Jonathan B. Strauss
233 Broadway, Suite 900
New York, NY 10279

For defendant Robert Brian Krupica:
Joam Alisme
Alisme Law LLC
310 Beverley Road
Suite 4h
Brooklyn, NY 11218

DENISE COTE, District Judge:

　　　Charles Starke filed this fraud action against Robert Brian Krupica. Krupica has moved to dismiss based on a lack of personal jurisdiction. For the following reasons, the motion to dismiss is denied.

## Background

　　　The following facts are taken from the first amended complaint ("FAC") and affidavits submitted in connection with

this motion.  For the purposes of deciding this motion, plaintiff's factual allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor.

In July 2017 Krupica, a resident of Florida, told Starke that he had started a business in Thailand called Lavish Global Imports ("LGI") that would be a lucrative investment opportunity for Starke.  Krupica promised that if Starke invested, he would have a 50% ownership interest and would serve as a director of the company.

On several occasions, Starke wired money from his New York bank account to Krupica as an investment in LGI.  On July 11, 2017, for example, Starke wired $125,000 to Krupica as an initial investment.  In September, he sent another $50,000 due to an "underestimate of necessary start up capital."  Also in September, he gave Krupica a personal loan of $20,000 to help Krupica purchase a house.

At some point, Krupica (who was living outside the United States) told Starke that he was planning to visit the United States for the 2017 Thanksgiving holiday.  Starke offered to pay to bring his family to New York during the trip so that the pair could discuss the status of the LGI business.  Krupica agreed, so Starke purchased tickets and a hotel room in lower Manhattan to allow Krupica and his family to visit New York for three days

at the end of November.  According to Starke, during the trip, the parties engaged in multiple conversations regarding LGI and reviewed documents relevant to the venture.  As a result of representations allegedly made during the November 2017 trip, Starke wired another $50,000 to Krupica in December.

In 2019, after receiving no return on his investments, Starke hired an attorney to investigate.  In early 2021, Starke learned that there were no sales receipts, no inventory, and no proof of any investment in LGI.

Plaintiff filed this action on May 31, 2022, asserting claims for fraud, misrepresentation, and money loaned.  On August 17, the case was transferred to this Court.  The defendant moved to dismiss the complaint for lack of personal jurisdiction on August 22.  On August 30, the plaintiff filed the FAC.  On September 16, the defendant filed the instant motion to dismiss the FAC.  The motion was fully submitted on October 17.

## Discussion

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.  A plaintiff must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the

3

defendant." SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 342 (2d Cir. 2018) (citation omitted). A court "constru[es] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[es] all doubts in the plaintiff's favor." Id. (citation omitted). Where a court relies on pleadings and affidavits, rather than conducting a "full-blown evidentiary hearing," the plaintiff "need only make a prima facie showing of personal jurisdiction over the defendant." Porina v. Marward Shipping Co., Ltd., 521 F.3d 122, 126 (2d Cir. 2008) (citation omitted).

The plaintiff asserts personal jurisdiction over the defendant under New York's long-arm statute based on the defendant committing fraud and transacting business in New York. The personal jurisdiction determination at issue here involves two steps. First, a court must look to whether New York's long-arm statute authorizes an exercise of personal jurisdiction in the case. Friedman v. Bloomberg L.P., 884 F.3d 83, 90 (2d Cir. 2017). "If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." Id. (citation omitted).

I.  Long-Arm Statute

With respect to the first inquiry, New York's long-arm statute provides in pertinent part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state . . . .

CPLR § 302(a)(1). There are two requirements for personal jurisdiction under § 302(a)(1): first, "defendant must have transacted business within the state", and second, "the claim asserted must arise from that business activity." Daou v. BLC Bank, S.A.L., 42 F.4th 120, 129 (2d Cir. 2022) (citation omitted). Section 302(a)(1) is a "single act statute," so personal jurisdiction may be appropriate if the defendant engaged in a single transaction even if he did not enter New York, "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Id. (citation omitted). "[I]n this day of instant long-range communications, one can engage in extensive purposeful activity [in New York] without actually setting foot in the State." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 788 (2d Cir. 1999) (citation omitted).

Taking the plaintiff's factual assertions as true, plaintiff has sufficiently demonstrated that personal jurisdiction is proper under New York's long-arm statute.

Plaintiff alleges that defendant transacted business in New York by soliciting the investments for LGI from a New York resident. Moreover, the defendant engaged in business meetings related to LGI while physically present in New York in November 2017, which led to the plaintiff's further investment in LGI.  This purposeful activity brings the defendant within the long-arm statute under at least § 302(a)(1) since each of the plaintiff's claims arises out of this activity.

Defendant's arguments to the contrary are unavailing. Defendant attempts to recast the November 2017 trip as a family trip during which no business was discussed to argue that jurisdiction is improper under § 301(a)(1).  But the nature of this trip is a factual question, and at this stage, the plaintiff's characterization of the trip must be credited. Moreover, a defendant falls within the ambit of § 301(a)(1) based on a single business transaction "even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Daou, 42 F.4th at 129 (citation omitted).  By purposefully engaging the New York plaintiff in a fake business venture and inducing the plaintiff to wire investment funds to him from New York, defendant transacted business in New York.

6

II.  Due Process

After determining that personal jurisdiction is proper under New York's long-arm statute, a court must also determine whether the exercise of personal jurisdiction is consistent with the due process protections of the United States Constitution. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 169 (2d Cir. 2013).  The Due Process Clause requires that the defendant "have certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  The minimum contacts analysis can be broken down into three steps.  U.S. Bank Nat'l Assoc. v. Bank of Am. N.A., 916 F.3d 143, 150 (2d Cir. 2019) (citation omitted).  "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State."  Id. (citing J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 877, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011) (plurality opinion)).  "Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct." Id. (citation omitted).  And third, the court must determine

that jurisdiction is "reasonable under the circumstances."  Id. (citation omitted).

The exercise of personal jurisdiction in this case comports with due process.  As explained above, taking the plaintiff's allegations as true, the defendant specifically targeted a New York resident as the victim of an ongoing fraud scheme.  The plaintiff wired the defendant money from his New York bank account on multiple occasions.  And, the defendant furthered his fraudulent scheme by making misrepresentations to the plaintiff while in New York.  This is sufficient to show the minimum contacts and purposeful availment required by the Due Process Clause.  Likewise, there is no indication that it would be unreasonable under the circumstances to exercise personal jurisdiction over defendant in this case.  Accordingly, at this stage, plaintiff has made a sufficient showing that personal jurisdiction over the defendant is proper.

## Conclusion

The defendant's September 16 motion to dismiss the FAC for lack of personal jurisdiction is denied.

Dated:    New York, New York
          December 14, 2022

                                    _____
                                           DENISE COTE
                                    United States District Judge